UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT CREWE and ROBERT MAURICE, on behalf of
themselves and all Others Similarly Situated,

Plaintiffs,

-against-

RICH DAD EDUCATION, LLC, RICH GLOBAL, LLC,
RICH DAD OPERATING CO., LLC, CASHFLOW
TECHNOLOGIES, INC., TIGRENT INC., TIGRENT
LEARNING INC. f/k/a WEALTH INTELLIGENCE
ACADEMY, INC., TIGRENT BRANDS INC.,
CHRISTOPHER BRIGGS, an individual, SCOTT
STEWART, an individual, MARC HRISKO, an individual,
WAYNE MORGAN, an individual, ROBERT KIYOSAKI,
an individual, and DOES 1 through 50, inclusive,

Defendants.

11 Civ. 8301(PAE) (KNF)

**REPLY MEMORANDUM OF LAW OF DEFENDANT MARC HRISKO IN SUPPORT
OF HIS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR LACK
OF PERSONAL JURISDICTION AND FOR FAILURE TO STATE A CLAIM**

HOLLAND & KNIGHT LLP

Howard Sokol
Patrick J. Sweeney

31 West 52nd Street
New York, New York 10019
(212) 513-3200 (telephone)
(212) 385-9010 (facsimile)

*Attorneys for Defendant Marc Hrisko*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

REPLY ARGUMENT ........................................................................................................ 1

POINT I

THE OPPOSITION FLATLY IGNORES HRISKO'S ARGUMENT CONCERNING THE
INAPPLICABILITY OF CREWE'S ALLEGATIONS AND CLAIMS TO HRISKO ................. 1

POINT II

PLAINTIFFS HAVE PATENTLY FAILED TO SHOW NECESSARY MINIMUM
CONTACTS TO ESTABLISH PERSONAL JURISDICTION OVER HRISKO ........................ 2

    A.    The New York Contacts Of The Other Defendants Cannot Be Imputed
          To Hrisko ............................................................................................................ 3

    B.    Plaintiffs' Supplemental Proffer Is Insufficient To Establish Jurisdiction ................... 4

    C.    Plaintiffs Are Not Entitled To Jurisdictional Discovery .............................................. 5

POINT III

THERE IS NO CLAIM AGAINST HRISKO THAT CAN  WITHSTAND THE MOTION ........ 6

    A.    The Opposition's Statute of Limitations Arguments Are Inapposite ........................... 6

    B.    There Can Never Be A FDUTPA Claim Against Hrisko .............................................. 7

    C.    There Is No Unjust Enrichment Claim Against Hrisko ................................................ 7

    D.    The Fraud And Negligent Misrepresentation Claims Cannot Be Sustained ................. 9

POINT IV

HRISKO'S INSUFFICIENCY OF SERVICE ARGUMENT REMAINS VALID ...................... 10

CONCLUSION ................................................................................................................ 10

i

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

**New York**

*Adler v. Aztech Chas. P. Young. Co.,*
   807 F. Supp. 1068 (S.D.N.Y. 1992)................................................................8

*Alexander v. Cahill,*
   598 F.3d 79 (2d Cir. 2010).................................................................9, 10

*APWU v. Potter,*
   343 F.3d 619 (2d Cir. 2003)................................................................6

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,*
   171 F.3d 779 (2d Cir. 1999)................................................................3

*Best Van Lines, Inc. v. Walker,*
   490 F.3d 239 (2d Cir. 2007)................................................................2

*Douglas v. Victor Capital Group,*
   21 F. Supp. 2d 379 (S.D.N.Y. 1998)................................................................2

*Hoffritz for Cutlery, Inc. v. Amajac, Ltd.,*
   763 F.2d 55 (2d Cir. 1985)................................................................4

*In re Ski Train Fire,*
   343 F. Supp. 2d 208 (S.D.N.Y. 2004)................................................................5

*Kramer v. Time Warner Inc.,*
   937 F.2d 767 (2d Cir. 1991)................................................................8

*Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.,*
   918 F.2d 1039 (2d Cir. 1990)................................................................4, 9

*Lehigh Valley Indus., Inc. v. Birenbaum,*
   527 F.2d 87 (2d Cir. 1975)................................................................3

*Pilgrim v. McGraw-Hill Cos. Inc.,*
   599 F. Supp. 2d 462 (S.D.N.Y. 2009)................................................................2

*Skrodzki v. Marcello,*
   2011 WL 3665152 (E.D.N.Y. Aug. 19, 2011)................................................................5

*Spagnola v. Chubb Corp.,*
   264 F.R.D. 76 (S.D.N.Y. 2010)................................................................7

*Thomas v. Ashcroft,*
    470 F.3d 491 (2d Cir. 2006)..................................................................................2

**Florida**

*El Jordan v. Solymar,*
    315 F. Supp. 2d 1355 (S.D. Fla. 2004) ................................................................7

*Univ. Centre Hotel v. P.C.D. Constr.,*
    323 B.R. 306 (Bankr. N.D. Fla. 2005) ................................................................6

*Whitestone v. Kraft Food, Inc.,*
    351 F.3d 1067 (11th Cir. 2003) ..........................................................................6

## UNREPORTED DECISIONS

**New York**

*Armstrong v. McAlpin,*
    1981 WL 1665 (S.D.N.Y. July 14, 1981),
    *rev'd in part on other grounds by* 699 F.2d 79 (2d Cir. 1983) ................................1

*Branch v. Tower Air,*
    1995 U.S. Dist. LEXIS 16390 (S.D.N.Y. Nov. 3, 1995)........................................8

*Broad v. DKP Corp.,*
    1998 WL 516113 (S.D.N.Y. Aug. 19, 1998)........................................................2

*Dupont v. N.J. State Police,*
    2009 WL 2486052 (S.D.N.Y. Aug. 14, 2009)......................................................3

*Goodman v. Port Auth. of N.Y. & N.J.,*
    2012 WL 664531 (S.D.N.Y. Feb. 29, 2012)........................................................8

*Houston v. Seward & Kissel, LLP,*
    2008 U.S. Dist. LEXIS 23914 (S.D.N.Y. Mar. 27, 2008) ......................................8

*In re Herald,*
    2011 WL 4056819 (S.D.N.Y Sept. 8, 2011).........................................................5

*Malone v. Bayerische Hypo-Und Vereins Bank,*
    2010 WL 391826 (S.D.N.Y. Feb. 4, 2010)..........................................................1

*Nash v. Coram Healthcare Corp.,*
    1996 WL 363166 (S.D.N.Y. June 28, 1996) ........................................................1

*Pincione v. D'Alfonso,*
    2011 WL 4089885 (S.D.N.Y. Sept. 13, 2011).......................................................3

*UTC Fire & Sec. Ams. Corp. v. NCS Power, Inc.*,
    2012 WL 423349 (S.D.N.Y. Feb. 10, 2012)...................................................................5

**Florida**

*Landmark Am. Ins. Co. v. Moulton Props.*,
    2007 U.S. Dist. LEXIS 35310 (N.D. Fla. 2007) ..........................................................7

*Lehman Bros. Holdings, Inc. v. Hirota*,
    2007 WL 1471690 (M.D. Fla. 2007) .............................................................................7

## STATUTES, RULES AND REGULATIONS

**Federal**

FRCP 9(b)..................................................................................................................................1

FRCP 12(b)(6) .................................................................................................................1, 7, 8, 9

**New York**

CPLR § 301...........................................................................................................................4, 5

CPLR § 302...............................................................................................................................5

CPLR § 308(2)........................................................................................................................10

N.Y. Comp .Codes R. & Regs., tit. 22 §1200.5(c)  ...................................................................9

## MISCELLANEOUS

1994 Report of the Adv. Comm on Civ.Prac.
(*reprinted* in 2 McKinney's N.Y. Session Laws, 1994) ...........................................................10

Declaration of Marc Hrisko ("Hrisko Dec.").............................................................................1

Hrisko Dec. ......................................................................................................................1, 3, 4, 5

Declaration of Joseph I. Marchese ("Marchese Dec.") ..............................................................1

Marchese Dec................................................................................................................... *passim*

## PRELIMINARY STATEMENT

Defendant Hrisko[1] respectfully submits this Reply Memorandum of Law ("Reply") in further support of his Motion. This Reply is submitted in direct response to Plaintiffs' Opposition to the Motion, filed with the Court on May 23, 2012.[2] For the reasons set forth below, as well as for all of those previously detailed in the Hrisko MOL, the Court should grant the Motion, in entirety and with prejudice, and dismiss the Amended Complaint against Hrisko.[3] Herewith, Hrisko also submits the Declaration of Marc Hrisko, dated June 4, 2012 ("Hrisko Dec."), in further support of the portion of the Motion based on the Court's lack of personal jurisdiction.

## REPLY ARGUMENT
### POINT I

## THE OPPOSITION FLATLY IGNORES HRISKO'S ARGUMENT CONCERNING THE INAPPLICABILITY OF CREWE'S ALLEGATIONS AND CLAIMS TO HRISKO

The Opposition utterly fails to address Hrisko's argument in support the Motion contending that the allegations and claims of Crewe are irrelevant to any allegations and claims in the Amended Complaint against Hrisko and that, accordingly, Hrisko need not address any allegations and claims concerning Crewe. *See* Hrisko MOL, p. 1 ("Relevant Parties to the Motion"). Accordingly, Crewe, by virtue of the Opposition, must be deemed to have conceded

---

[1] Unless otherwise indicated, the abbreviations and defined terms used herein are used identically as those contained in the Hrisko MOL, filed with the Court on May 9, 2012, in support of the Motion.

[2] Plaintiffs' Opposition to the Motion consists of (i) PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFNDANT HRISKO'S MOTION TO DISMISS ("Opp. MOL" or "Plaintiffs' MOL"); and the (ii) "DECLARATION OF JOSEPH I. MARCHESE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT HRISKO'S MOTION TO DISMISS ("Marchese Dec.").

[3] The Court, apparently, need not even definitively resolve whether or not it has personal jurisdiction over Hrisko in order to conclude as a matter of law that Maurice has failed to state a claim against Hrisko, for one or more reasons, under Fed. R. Civ. P. 12(b)(6). *See, e.g., Malone v. Bayerische Hypo-Und Vereins Bank*, 2010 WL 391826, at *4 (S.D.N.Y. Feb. 4, 2010) (dismissing plaintiff's claims as time-barred while not reaching defendants' arguments regarding personal jurisdiction); *Nash v. Coram Healthcare Corp.*, 1996 WL 363166, at *4 n.2 (S.D.N.Y. June 28, 1996) (dismissing a fraud claim pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b) without addressing the question of whether there was personal jurisdiction over individual defendants); *Armstrong v. McAlpin*, 1981 WL 1665, at *7 (S.D.N.Y. July 14, 1981) (bypassing a 12(b)(2) motion after dismissing claims on statute of limitations grounds), *rev'd in part on other grounds by* 699 F.2d 79 (2d Cir. 1983).

that argument *i.e.,* there are no cognizable allegations or claims against Hrisko, made by Crewe, to which any response is appropriate, let alone necessary.[4] Of course, per the Motion and the foregoing argument, if Crewe intended to state any claims against Hrisko—although the Amended Complaint does not contain even one discernible specific Crewe allegation concerning Hrisko—all such claims are not sustainable as a matter of law and must be dismissed.

**POINT II**

**PLAINTIFFS HAVE PATENTLY FAILED TO SHOW NECESSARY MINIMUM CONTACTS TO ESTABLISH PERSONAL JURISDICTION OVER HRISKO**

The party opposing a motion to dismiss for lack of personal jurisdiction has the burden of showing that the court can exercise jurisdiction over the movant. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007). As here, where discovery has not been commenced, in order to defeat the motion, a plaintiff may establish the court's personal jurisdiction based on information in the complaint as well as supporting documentation. *Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir. 2006). Plaintiffs' new thesis, in this regard, however misguided, appears to be as follows:

> The Court has general jurisdiction over Hrisko because he conspired with the other [Defendants] to engage in a national three-tiered fraudulent sales scam that includes New York; because he continuously and systematically hosts financial self-help seminars in New York; and because he actively markets his coaching services in New York while engaging in other continuous conduct in this state.

Opp. MOL, p. 3. But, the Opposition is bereft of citation to any well-pleaded allegations in the Amended Complaint, and the independent proffer of putatively supporting documentation (*i.e.,* Marchese Dec.) also fails to establish the requisite minimum contacts.

---

[4] *See Pilgrim v. McGraw-Hill Cos. Inc.,* 599 F. Supp. 2d 462, 474 (S.D.N.Y. 2009) (holding that employment discrimination plaintiff conceded defendant's argument that she never applied for position by not addressing argument in opposition); *Broad v. DKP Corp.*, 1998 WL 516113, at *3 (S.D.N.Y. Aug. 19, 1998) (deeming silence in opposition to jurisdictional argument to be tacit admission that no jurisdiction existed). Such silence, even with respect to a material issue in dispute, will also be held to be waived or abandoned should the nonmovant refuse to respond to the moving party's argument. *See Douglas v. Victor Capital Group*, 21 F. Supp. 2d 379, 393 (S.D.N.Y. 1998) (explaining that "the failure to provide argument on a point at issue constitutes abandonment of the issue").

2

**A.     The New York Contacts Of The Other Defendants Cannot Be Imputed To Hrisko**

It is dizzyingly unclear, in the Amended Complaint, just which theory Plaintiffs were attempting to use to impute to Hrisko the jurisdictional contacts, if any, of the other Defendants. In the Opposition, it now appears that Plaintiffs are pursuing a theory of conspiracy, arguing that "Hrisko and other trainers were an integral part of an over-arching scheme to defraud Rich Dad students like Maurice all over the country, including in New York." Opp. MOL, p. 3. However, regardless of whether New York law would permit such a theory of general jurisdiction, as set forth in the Hrisko MOL[5] and not addressed in the Opposition, Plaintiffs have failed to satisfy the standard for pleading such a conspiracy. *See Dupont*, 2009 WL 2486052, at *10; *see also Pincione v. D'Alfonso*, 2011 WL 4089885 (S.D.N.Y. Sept. 13, 2011). In *Pincione*, the court granted a motion to dismiss for lack of personal jurisdiction and reasoned that, "[w]hile certain tortious acts of a coconspirator in New York may be attributed to an out-of-state defendant to obtain personal jurisdiction over him . . . 'the bland assertion of conspiracy or agency is insufficient to establish jurisdiction.'" 2011 WL 4089885, at *8 (*quoting Lehigh Valley Indus., Inc. v. Birenbaum*, 527 F.2d 87, 93-94 (2d Cir. 1975)). Here too, the unadorned assertion that Hrisko conspired with the other Defendants is simply insufficient to establish an inference that Hrisko participated in any of the other Defendants' New York operations generally, or with respect to any of the specific allegations concerning Crewe. Accordingly, the Court cannot consider any of those allegations when assessing any of Hrisko's contacts with New York.[6]

---

[5] *See* Hrisko MOL, p.2, n.1 (*citing Dupont v. N.J. State Police*, 2009 WL 2486052, at *10 (S.D.N.Y. Aug. 14, 2009) and *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 793 (2d Cir. 1999).

[6] Indeed, as discussed below, the Hrisko Dec., submitted herewith, establishes that Hrisko had been disassociated with RDE since at least November 2011—more than four months prior to the earliest alleged New York activity in the Amended Complaint. Hrisko Dec. ¶ 5. Even prior to that time, neither Hrisko nor anyone under his supervision or control, was ever an employee, officer or director of RDE, or otherwise was ever responsible for or involved in formulating business strategy or in designing protocol with respect to any of RDE's operations. *Id.* ¶ 6.

**B.    Plaintiffs' Supplemental Proffer Is Insufficient To Establish Jurisdiction**

In the conspicuous absence of any allegations in the Amended Complaint concerning Hrisko's activity in this jurisdiction, Plaintiffs are left to rely upon the supplemental proffer of, among other documents, Hrisko's calendar (Marchese Dec., Ex. A). In fact, the latest of those scheduled trips was cancelled and never rescheduled. *See* Hrisko Dec. ¶ 6. As so clarified, the allegations admit only eight (8) trips to New York over the course of 22 months (with the most recent visit in November 2011—nearly seven months ago), *id.,* which clear precedent would find insufficient.[7] Pointedly, "New York law requires that the defendant be present in New York not occasionally or casually, but with a fair measure of permanence and continuity." *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990) (internal citation and quotations omitted). Plainly, the acts alleged in the Opposition are too few in number and too isolated and sporadic in occurrence to establish the type of "continuous and systematic" conduct necessary to find jurisdiction under CPLR § 301. *See, e.g., Landoil*, 918 F.2d at 1045[8]; *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57-58 (2d Cir. 1985).[9] Accordingly, here, where the record supports only eight (8) visits by Hrisko over the course of 22 months, and ending in November 2011 (four months prior to being named in the Amended Complaint herein), the conduct is not permanent or continuous or systematic enough for the purposes of general jurisdiction under CPLR § 301.

---

[7] Further, there is no basis for an inference that those engagements were made on behalf of RDE. Notably, the Plaintiffs' proffered documentation establishes that Hrisko makes speaking appearances on behalf of other organizations as well. *See* Marchese Dec. Ex. B.

[8] The Second Circuit found that thirteen (13) business trips made by defendants' employees to New York— occurring sporadically during an 18 month period—were "insufficient to establish the systematic and continuous presence within the state that New York law requires."

[9] Considering a claimed breach of franchise agreement, the Second Circuit found that "extensive" correspondence with plaintiff and 54 visits to New York by defendant over the life of the agreement to discuss the franchise business were insufficient to establish the requisite minimum contacts for general jurisdiction.

Finally, the Opposition's offering of Hrisko's website in support of a solicitation-plus theory of jurisdiction, is equally unconvincing as "[i]t is well-established that a website accessible to New York residents—even a website with interactive components—is insufficient to support general jurisdiction." *UTC Fire & Sec. Ams. Corp. v. NCS Power, Inc.*, 2012 WL 423349, at *4 (S.D.N.Y. Feb. 10, 2012). Here, where Plaintiffs cannot establish, or even plausibly allege, that Hrisko's website was purposefully directed towards New York, the website alone is insufficient to establish jurisdiction. *See Skrodzki v. Marcello*, 2011 WL 3665152, at *14 (E.D.N.Y. Aug. 19, 2011)[10]; *In re Ski Train Fire,* 343 F. Supp. 2d 208, 216 (S.D.N.Y. 2004).[11] Here, while Plaintiffs argue that Hrisko's website has "interactive features such as on-line videos and advertisements and sign-ups for paid speaking services," the Court must note that: (i) videos and advertisements are not "interactive"; and (ii) the proffered documentation (Marchese Dec. Ex. B, p. 5) simply does not support such an inference.[12]

## C.   Plaintiffs Are Not Entitled To Jurisdictional Discovery

Given the utter absence of any allegations in the Amended Complaint regarding Hrisko's personal contact with New York, under either CPLR §§ 301 or 302, the Court should deny any request for jurisdictional discovery, which is only allowed when a plaintiff makes a threshold showing that there is some basis for the assertion of jurisdiction. *See In re Herald,* 2011 WL 4056819, at *2-4 (S.D.N.Y Sept. 8, 2011) (dismissing plaintiffs' application to compel jurisdictional discovery because, *inter alia*, plaintiff failed to offer specific contentions tending to

---

[10]  The court held no general jurisdiction existed where plaintiff failed to "allege any facts from which the Court can infer that the Defendants purposefully availed themselves of the privilege of conducting business in New York by using the websites to specifically target New York consumers."

[11]  The court held no general jurisdiction based on website where plaintiff failed to allege that defendant "conducted business over the Internet by entering into contracts or otherwise engaging in business transactions with Texas residents [or that] . . . the website permits consumers to order or purchase products and services online."

[12]  Instead, Hrisko's webpage contains an invitation to sign up, by submitting a name and an e-mail address, to receive a free book and, otherwise contains an invitation to inquiry about Hrisko's speaking availability by calling a phone number or writing to an e-mail address. These features—notably not directed specifically at New York residents—do not permit the court to find specific jurisdiction over Hrisko. *See* Hrisko Dec. ¶ 9.

show the connections of all the defendants with New York); *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003) (affirming district court's decision to decline plaintiff's request for further jurisdictional discovery). Here, the sole allegation regarding jurisdiction as against Hrisko is the otherwise impermissible group pleading allegation. Am. Comp. ¶ 34.

## POINT III

**THERE IS NO CLAIM AGAINST HRISKO THAT CAN WITHSTAND THE MOTION**

**A.     The Opposition's Statute of Limitations Arguments Are Inapposite**

The starting point for the statute of limitation argument must be the acknowledgement that the causes of action alleged against Hrisko—all sounding in tort—necessarily accrued at the conclusion of the Tennessee Advanced Training. It was at this time, when Maurice would have necessarily realized that the Tennessee Advanced Training somehow failed to meet his expectations, which is the gravamen of his claim against Hrisko. With this backdrop, any attempt by Maurice to apply a six-year statute of limitations to his *tort* claims is patently erroneous, if not fully frivolous. The Opposition asserts a fantastical notion that a six-year statute of limitations would apply to each and every claim against Hrisko, because the "gravamen of the complaint is in breach of contract." Opp. MOL, p. 8. Such a proposition is obviously unsupportable by any credible legal authority. Underscoring the anomalistic reasoning, the Amended Complaint does not even allege[13] a breach of contract claim against Hrisko,[14] nor that Hrisko ever signed any

---

[13]  *See* Am. Comp., Count 2, ¶¶ 158-64 (breach of contract claim unmistakeably alleged only against TLI and RDE).

[14]  Even interpreting Plaintiffs' claims to the broadest extent imaginable, if Plaintiffs are alleging some kind of befuddled conspiracy to breach a contract claim, it fails as a matter of law.  The only contract Maurice signed with RDE contained a choice of law clause favoring Florida law. *See* Am. Comp. ¶ 48. Accordingly, any breach of contract claim against Hrisko, however inconceivable, must be considered under Florida law, where " . . . a contract does not bind one who is not party to the contract, or who has not in some manner agreed to accept its terms." *Whitestone v. Kraft Food, Inc.*, 351 F.3d 1067, 1073 (11th Cir. 2003); *Univ. Centre Hotel v. P.C.D. Constr.*, 323 B.R. 306, 309 (Bankr. N.D. Fla. 2005) (internal citation omitted) (holding appellant was not liable for breach of contract because it did not sign the contract in any capacity and therefore was not a party to contract).  Accordingly, because Hrisko never signed any contract with any of Plaintiffs, nor was he a party to any contract with any of the Plaintiffs, in any capacity, he cannot be liable for any breach of contract. Moreover, any kind conspiracy claim in this regard must fail under Florida law, where a "claim of civil conspiracy is 'inextricably intertwined' with a breach

contract with any of the Plaintiffs.[15] Seemingly, such flippant application of the respective statue of limitations can be nothing more than a very thinly-veiled effort to obfuscate a legal reality, *i.e.,* that Maurice's claims are almost all time-barred under the applicable Tennessee, New York and/or Florida laws. *See* Hrisko MOL, pp. 16, 19-20. Accordingly, the cited authority in the Opposition asserting a six-year statute of limitations is inapposite to Hrisko, and the law is crystal clear regarding the statute of limitations for claims of negligent misrepresentation, fraud and those under FDUPTA. As for unjust enrichment, such claim fails for reasons equally compelling and dispositive, under FRCP 12(b)(6). *See supra,* p. 7. That Plaintiffs state "contract" and "agreement" in the Amended Complaint (Opp. MOL, p. 8) a combined dozens of times, such characterization cannot magically transform tort claims into contract claims.

**B.      There Can Never Be A FDUTPA Claim Against Hrisko**

The lack of actual Florida conduct otherwise necessary to sustain a FDUTPA claim is fatal to Maurice. That the contract he signed must be deemed to have been signed in Florida (*see* Opp. MOL, p. 8) is not a convincing argument. The contract was not actually signed in Florida and, in any event, Hrisko was not a party to the contract and cannot be bound by its choice of law provision. Finally, the conduct of other Defendants—even if it could be argued to be Florida-based—cannot be imputed to Hrisko on a theory of conspiracy or agency. *See supra,* nn.8-9.

**C.      There Is No Unjust Enrichment Claim Against Hrisko**

Despite attempts to correct gross pleading deficiencies, to maintain an unjust enrichment claim under Tennessee law, Maurice's claim is still inexorably deficient. Contrary to contentions

---

of contract claim, and the alleged harm is indistinct from what is sought in [the] contract claim, contract law is the sole avenue for relief." *Landmark Am. Ins. Co. v. Moulton Props.,* 2007 U.S. Dist. LEXIS 35310, at *13 (N.D. Fla. 2007); *Lehman Bros. Holdings, Inc. v. Hirota,* 2007 WL 1471690 at * 5 (M.D. Fla. 2007) (dismissing plaintiff's civil conspiracy claim because the claim was based on the same conduct that formed the breach of contract claim). It is worth noting the same result would occur under New York law. *See Spagnola v. Chubb Corp.,* 264 F.R.D. 76, 85 (S.D.N.Y. 2010) (noting that New York does not recognize a claim for conspiracy to breach a contract).

[15]   In a similar vein to n.4, *supra,* if Maurice is asserting that Hrisko is liable under some theory of agency, that claim also fails as a matter of law. *See El Jordan v. Solymar,* 315 F. Supp. 2d 1355, 1364 (S.D. Fla. 2004) (holding that an agent may only bind himself to a contract if he acts in a way that indicates he intends to be bound).

in the Opposition, the Amended Complaint contains no allegation that Hrisko received a benefit from Maurice. *See* Am. Comp. ¶ 182. Again, as already argued by Hrisko, but not effectively addressed by the Opposition, the improper group pleading fails to state that Hrisko received a benefit from Maurice, let alone detailing in what form any such benefit would have been received by Hrisko. Plaintiffs attempt to skirt this requisite element and divert the Court's attention from such inescapable deficiency by improperly attaching an exhibit within the Opposition. *See* Marchese Dec. Ex. C.  In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference . . . ." *Kramer v. Time Warner Inc.,* 937 F.2d 767, 773 (2d Cir. 1991).[16] Accordingly, any additional factual assertions, provided in the Opposition, are inadmissible. *See also Goodman v. Port Auth. of N.Y. & N.J.,* 2012 WL 664531 at *11 (S.D.N.Y. Feb. 29, 2012). In any event, and aside from Plaintiffs' improper submission, such document is unconvincing, even if admissible and true. The exhibit features a job posting from September 2011 (three and a half years after the alleged incident in Tennessee occurred) for a speaker position in *Canada*—which cannot possibly credibly allege that Hrisko received any benefit from Maurice.

Further, Maurice fails to address and still has not alleged the second element of a Tennessee unjust enrichment claim—that Hrisko knew of or appreciated the alleged benefit received by Maurice. Moreover, Maurice still has not pleaded, nor could he, that he exhausted his available remedies against those with whom he is in privity of contract, concerning the same subject matter prior to seeking relief from Hrisko in unjust enrichment.  *See* Hrisko MOL, pp.

---

[16] It is well-settled that "memoranda and supporting affidavits in opposition to a motion to dismiss cannot be used to cure a defective complaint." *Branch v. Tower Air,* 1995 U.S. Dist. LEXIS 16390, at *17 (S.D.N.Y. Nov. 3, 1995) (citations omitted); *see also Houston v. Seward & Kissel, LLP,* 2008 U.S. Dist. LEXIS 23914, at **34–35 (S.D.N.Y. Mar. 27, 2008) (rejecting plaintiffs submission of factual averments for the first time in its opposition brief); *Adler v. Aztech Chas. P. Young. Co.,* 807 F. Supp. 1068, 1072 (S.D.N.Y. 1992) (same).

17-18. The cited authority in the Opposition regarding alternative pleading, *see* Opp. MOL, p. 9, is irrelevant since there is no breach of contract claim against Hrisko in this case. Moreover, regardless of whether a plaintiff is permitted to plead in the alternative, a plaintiff still must, under Tennessee law, plead the requisite elements of an unjust enrichment claim, which includes that of exhaustion of remedies. *See* Hrisko MOL, pp. 17-18. Maurice has clearly failed to plead the requisite elements of such a claim and, in any event, he cannot. Maurice's unjust enrichment claim fails as a matter of law under FRCP 12(b)(6), for at least three distinct reasons of legally deficient pleadings of: (i) any actual benefit received by Hrisko, (ii) any appreciation by Hrisko of such benefit, and (iii) any (let alone all) exhaustion of any (let alone all) remedies.

**D.    The Fraud And Negligent Misrepresentation Claims Cannot Be Sustained**

The Opposition fails to address the most glaring insufficiencies in the Amended Complaint regarding the fraud and negligent misrepresentation claims.  First, under Tennessee law, a plaintiff is required to plead that his reliance was justifiable and reasonable.  *See* Hrisko MOL, p. 22. That Maurice merely pleaded reliance is not the equivalent of also pleading that his reliance was justifiable and reasonable. Second, Maurice's assertion that Hrisko's statements were not puffery is, itself, conclusory, and not at all explained or otherwise supported by applicable case law.[17] Third, Maurice has not alleged, let alone demonstrated, that any Hrisko's alleged misrepresentations were ever: (i) found to be untrue, (ii) statements of past or present fact, or (iii) amount to anything more than puffery or opinion of expected performance. Moreover, with respect to Maurice's fraud claim against Hrisko, the Amended Complaint does

---

[17]  In support of Maurice's conclusory assertion, Maurice cites *Alexander v. Cahill*, 598 F.3d 79, 94 (2d Cir. 2010). *Alexander*, however, has no relevance at all to Hrisko's arguments. First, *Alexander* is a New York case and Tennessee law governs Maurice's fraud and negligent misrepresentation claims. *See* Hrisko MOL, p. 15.  Second, *Alexander* is a case centered upon the constitutionality of New York's attorney advertising laws under the First Amendment. The section of the decision to which the Opposition cites, concerns a Constitutional analysis of N.Y. Comp .Codes R. & Regs., tit. 22 §1200.5 (c), *i.e.,* the content based restrictions on attorney advertisements—not an analysis of negligent misrepresentation or fraud claims. Finally, and in any event, in that section of the decision the court noted that the advertisements in question were, in fact, puffery. *Alexander*, 598 F.3d at 94.

not establish that Hrisko made any of the alleged statements with the necessary intent to deceive Maurice. In this regard, Plaintiffs' "who, what, why, when, where, how" technique does not relieve Maurice of the mandatory requirement to plead the elements of fraud and negligent misrepresentation; an obligation clearly not met and therefore abandoned. Finally, Tennessee's clear three-year statute of limitations period, for claims of both fraud and negligent misrepresentation, conclusively preclude these claims against Hrisko—they are time-barred.

## POINT IV

### HRISKO'S INSUFFICIENCY OF SERVICE ARGUMENT REMAINS VALID

In response to Hrisko's argument that a UPS Store cannot constitute an "actual place of business" under CPLR § 308(2), Plaintiffs argue only that the address was held out as a place of business. Plaintiffs do admit, however, that the address held out as Hrisko's place of business was, in fact, a "box" at a UPS Store (Opp. MOL, p. 12), but fail to address that, according to the very same legislative committee that urged the passage of substitute service statute, such service should be permissible at a "mail drop" but *not* a "mail box."[18] In fact, the commentary notes that the specific intention was to prevent scenarios in which a process server could be confused as to whether the address was the actual place of business, as with a commercial mail drop. *See id.* Here, however, there can be no doubt that, once the process server observed that the address was a UPS box—it was not Hrisko's actual place of business.

### CONCLUSION

For the foregoing reasons and arguments, as well as those in the Hrisko MOL, the Court should dismiss the Amended Complaint against Hrisko, in its entirety and with prejudice.

---

[18] *See* 1994 Report of the Adv.Comm on Civ.Prac. (*reprinted* in 2 McKinney's N.Y. Session Laws, 1994, at 3027, 3032).

Dated: New York, New York
       June 4, 2012

                                        Respectfully submitted,

                                        HOLLAND & KNIGHT LLP


                                        By: _____
                                              Howard Sokol
                                              Patrick J. Sweeney

                                        31 West 52nd Street
                                        New York, New York 10019
                                        (212) 513-3200 (telephone)
                                        (212) 385-9010 (facsimile)

                                        *Attorneys for Defendant Marc Hrisko*

11